[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11255
Non-Argument Calendar
_____

D.C. Docket No. 4:06-cv-00554-MP-EMT


ANDRE MCKENZIE,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 12, 2013)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Andre McKenzie, a Florida prisoner serving a life sentence, appeals the

district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

We granted McKenzie a certificate of appealability on the issue of "[w]hether the district court erred by denying McKenzie's claim that his trial counsel furnished ineffective assistance by failing to object to witness Anthony Williams's testimony regarding how he became a state witness." On appeal, McKenzie argues that his trial counsel's failure to object to Williams's hearsay testimony, request a limiting instruction, or move for a mistrial, and the cumulative effect of these errors, constituted ineffective assistance of counsel.

A habeas petition based on ineffective assistance of counsel presents a mixed question of law and fact that we review *de novo*. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). Under § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court, unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court. 28 U.S.C. § 2254(d)(1)-(2). A state court's factual determinations are presumed correct unless the petitioner can rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"The 'contrary to' and 'unreasonable application' clauses of § 2254(d)(1) are separate bases for reviewing a state court's decisions." *Putman v. Head*, 268

2

F.3d 1223, 1241 (11th Cir. 2001). A state court's decision is "contrary to" federal law if (1) the court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law, or (2) the court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, but arrives at a different result from that arrived at by the Supreme Court. *Id.* An "unreasonable application" of federal law occurs when the state court either (1) correctly identifies the legal rule from Supreme Court precedent but unreasonably applies the rule to the facts of the case, or (2) "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id.*

To succeed on an ineffective-assistance claim under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must show that (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. Under *Strickland*, counsel's performance is deficient only if it falls below an objective standard of reasonableness considering all the circumstances, and a court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was "within the wide range of reasonable professional assistance." 466 U.S. at 688-90. With regard to the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

3

have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. To make this determination, we review "the totality of the evidence before the judge or jury." *Id.*

With regard to McKenzie's claim relating to his trial counsel's failure to object to Williams's hearsay testimony, the state court concluded that McKenzie's trial counsel's performance was not "unreasonably deficient." *Strickland* requires only that a trial counsel's performance be considered "deficient," and thus, the state court's decision is arguably contrary to clearly established law on *Strickland's* deficiency prong. However, we need not decide if the state court's ruling was contrary to *Strickland* and therefore owed no deference under 28 U.S.C. 2254(d), because we cannot say on *de novo* review that that McKenzie has established that he received ineffective assistance of counsel as to the prejudice prong. *See Berghuis v. Thompkins*, 130 S. Ct. 2250, 2265 (2010) (explaining that courts can deny writs of habeas corpus by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a petitioner is not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review).

4

McKenzie argues that he proved both deficient performance and prejudice based on his trial counsel's failure to object or to move to strike the testimony of the state's witness, Williams, who explained that it was only after the police told him that another person, Coy Evans, had already told the police what happened on the night of the murder of Derrick McKinney that he agreed to be a witness against McKenzie. He argues that Williams's testimony was not only double hearsay but prejudicial because the hearsay evidence of Evans's statement to the police corroborated Williams's version of the events surrounding the murder of McKinney.

We need not resolve whether McKenzie's counsel was deficient when he failed to object to Williams's testimony because we cannot say that McKenzie has established that the error prejudiced him, i.e. that there is a reasonable probability that, but for the failure to object, the jury would have had reasonable doubt regarding McKenzie's guilt. *See Strickland*, 466 U.S. at 697 (explaining that a court need not address the performance component of a *Strickland* ineffective assistance of counsel claim where the defendant fails to make a sufficient showing of prejudice). By the time the allegedly prejudicial question was asked, Williams had already testified consistently with three other witnesses as to (1) the motive for the murder of McKinney; (2) McKinney being in the car with McKenzie; (3) McKinney attempting to lead McKenzie to the individuals who had earlier in

5

the day robbed McKenzie; and (4) McKinney being unable to find the robbers for McKenzie. If anything, the testimony provided McKenzie's trial counsel with a new opportunity to attempt to impeach Williams by showing that Williams had at first lied to the police, Williams only spoke to police after Evans implicated Williams, and Evans was charged with murdering a police officer. Moreover, McKenzie's trial counsel used the testimony to argue in closing that Williams was unreliable and that his testimony was motivated by pressure from the police. Accordingly, the totality of the evidence before the jury was such that, even if McKenzie's trial counsel had objected, McKenzie did not establish *Strickland* prejudice.

**AFFIRMED.**